UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 04-24372 |
| --- | --- | --- |
| | ) | |
| GEORGE C. RYBAK, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION

On April 21, 2005, the Court held a hearing on the debtor's objection to the claim of Williston C. Rich (Docket #16). Debtor objected to the secured status of the claim, arguing that the creditor's lien was acquired through a preferential transfer and had been avoided through the confirmed plan of February 1, 2005 (Docket #14). The Court took the matter under advisement and is now prepared to rule. For the reasons that follow, debtor's objection to the claim of Williston C. Rich (Docket #16) is denied without prejudice to the debtor bringing an adversary proceeding to determine whether the lien securing the debt is avoidable as a preferential transfer.

The validity of a lien, *i.e.* whether the lien is a avoidable as a preference, must be resolved through an adversary proceeding and not through the plan confirmation process. Federal Rules of Bankruptcy Procedure 7001(2); *see, e.g.*, *In re Ruehle*, 307 B.R. 28 (B.A.P. 6th Cir. 2004) (vacating confirmation order as void because denial of due process to use chapter 13 plan to discharge student loan

debt instead of using adversary proceeding); *In re Vankell*, 311 B.R. 205, 214 (Bankr. E.D. Tenn. 2004) (explaining that Chapter 13 plan can reduce a lien on the basis of value but not on the basis of a challenge to its validity, and creditor is "not bound by an attempted elimination of its lien for some reason other than lack of collateral value, unless actually litigated") (citing *In re Zimerman*, 276 B.R. 598, 602 (Bankr. C.D. Ill. 2001)). Accordingly, debtor's objection is denied without prejudice to bringing an adversary proceeding to attempt to avoid the lien.

IT IS SO ORDERED.

_____
Arthur I. Harris
U.S. Bankruptcy Court